FILED

Jul 30 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVELLE MARQUIS CHAPMAN,<br>       Plaintiff,<br>   v.<br>K. MELTON, et al.,<br>       Defendants. | Case No. 21-cv-03931-TSH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. For the reasons set forth below, the complaint will be dismissed with leave to amend.

### DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

The complaint names as defendants the following SVSP prison officials: Investigative Services Unit ("ISU") officer Melton, ISU officer Bitner, sergeant Minglana, officer Vasquez, and lieutenant Martinez.

The complaint makes the following allegations.

On June 19, 2020, unidentified correctional officials identified Plaintiff as a suspect in a battery of an inmate. Plaintiff was handcuffed and placed on the C-facility basketball court while his cell was searched twice for contraband. Plaintiff underwent three clothed body searches. No contraband was discovered during the first two body searches. Defendant Melton conducted the third clothed body search and claimed that he found a controlled substance on Plaintiff's person. Yet later defendant Melton told defendant Minglana that the controlled substance was found by defendant Bitner. Plaintiff was then placed in a holding cell in the mental health annex from 2:30 pm to 5:40 pm. Plaintiff was then released to "D-1" Ad-Seg. Defendants Melton and Bitner falsely claimed that defendant Melton read Plaintiff his *Miranda* rights in the mental health annex at 6:00 pm, and that Plaintiff refused to sign the notice of rights form. Plaintiff was not present in the mental health annex at 6:00 p.m. according to the holding cell log sheet which indicated that he had been released to D-1 Ad-Seg at 5:40 p.m.

On August 19, 2020, defendant Melton issued Plaintiff an RVR for possession of a

controlled substance. Plaintiff postponed his RVR hearing and then revoked the postponement on November 20, 2020. On the RVR form, Defendant Vazquez changed the date of postponement from November 20, 2020 to December 9, 2020. On December 31, 2020, Plaintiff had his RVR hearing before defendant Martinez. Defendant Martinez agreed that Plaintiff had revoked his postponement on November 20, 2020, and not on December 9, 2020. Plaintiff brought up that staff had engaged in misconduct by planting evidence and falsifying reports. Defendant Martinez stated that the RVR process was not the proper vehicle to address the staff misconduct issue. Plaintiff called defendant Minglana as a witness and she stated that her report spoke for itself and that she did not lie. Plaintiff states that defendant Minglana lied in her report when she reported that correctional officers read Plaintiff his *Miranda* rights. Defendant Martinez found Plaintiff guilty of the RVR charge of possession of a controlled substance. Dkt. No. 1 at 3-5.

C.  **Legal Claims**

Plaintiff alleges that Defendants violated his First Amendment right to be free of retaliation, his Fourteenth Amendment right to due process, and his Fifth Amendment right to a *Miranda* warning; that Defendants were deliberately indifferent in violation of the Eighth Amendment, citing to *Robinson v. Calif.*; and that Defendants conspired to violate his constitutional rights.

Plaintiff has failed to state a cognizable legal claim.

Plaintiff has not stated a cognizable First Amendment retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997). Plaintiff has not identified any protected conduct, and has not alleged that

1    Defendants took the above actions (falsely accusing him of possession of illegal contraband,
2    falsely claiming to have read him his *Miranda* rights) because of any protected conduct.
3        Plaintiff has failed to state a cognizable due process claim.  A prisoner has no
4    constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which
5    may result in the deprivation of a protected liberty interest.  *See Sprouse v. Babcock*, 870 F.2d
6    450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).
7        Plaintiff has failed to state a cognizable Fifth Amendment claim.  There is no requirement
8    that a prisoner be provided with a *Miranda* hearing prior to being issued a rules violation report, or
9    prior to being charged with a disciplinary violation.  *See Baxter v. Palmigiano*, 425 U.S. 308, 315
10   (1976) (prisoners' statements at disciplinary hearings are not admissible in criminal cases unless
11   prisoners have first received *Miranda* warnings, but *Miranda* warnings not required for prisoners'
12   statements in disciplinary hearings).
13       Plaintiff has also failed to state an Eighth Amendment claim.  The Eighth Amendment
14   prohibits deliberate indifference to an inmate's serious medical needs and safety, but Plaintiff has
15   not alleged that prison officials denied him necessary medical care or ignored his safety.  Plaintiff
16   has cited to *Robinson v. Calif.*, 370 U.S. 660 (1962), in support of his Eighth Amendment claim.
17   *Robinson* is inapplicable here.  *Robinson* holds that state laws criminalizing the "status" of
18   narcotic addiction inflicted a cruel and unusual punishment in violation of both the Eighth and
19   Fourteenth Amendments.
20       Finally, because Plaintiff has not stated a cognizable constitutional claim, he has also failed
21   to state a conspiracy claim.  Conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983.
22   *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc).  A claim of conspiracy
23   does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an
24   underlying constitutional violation.  *Id.*
25       Because the complaint fails to state a claim for violation of either the federal Constitution
26   or federal law, the Court DISMISSES the complaint with leave to amend.  *See James v. Giles*, 221
27   F.3d 1074, 1077 (2000) (*pro se* litigants should be afforded opportunity to amend complaint to
28   overcome deficiencies unless it clearly appears from complaint that deficiency cannot be

overcome by amendment).

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-03931 TSH (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 7/30/2021

_____
THOMAS S. HIXSON
United States Magistrate Judge